UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELISSA GRIMA,

    Plaintiff,

v.                                  Case No. 8:25-cv-3252-KKM-LSG

THE STANDARD FIRE
INSURANCE COMPANY,

    Defendant.
_____

## ORDER

On September 25, 2025, Melissa Grima sued The Standard Fire Insurance Company in Florida state court for breach of contract. *See* Compl. (Doc. 1-1). On November 25, 2025, Standard Fire removed the action to this Court. Notice of Removal (NOR) (Doc. 1). Grima moves to remand. Mot. (Doc. 14). Standard Fire opposes. Resp. (Doc. 16). Because Standard Fire did not timely remove, I grant the motion, though I deny Grima's request for attorney's fees and costs.

### I. BACKGROUND

This action arises out of an automobile collision in Sarasota County, Florida, on March 11, 2024. Compl. ¶¶ 4–5. At the time of the crash, Grima had an insurance policy with Standard Fire that provided $100,000 in

uninsured motorist benefits. Mot. at 2. Prior to filing her complaint, Grima, made multiple settlement demands for the $100,000 limit under the policy. *Id.* Grima provided Standard Fire with her medical records and bills as evidence of her damages. *Id.* In the complaint, Grima alleged that she was "[a]t all times material hereto . . . a resident of Sarasota County, Florida." Compl. ¶ 2. Grima alleges that she "suffered bodily injury including an exacerbation of pre-existing injuries or activation of a pre-existing condition, all with resultant pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of earnings and loss of ability to earn money." *Id.* ¶ 11. "The losses are either permanent or continuing." *Id.* In the complaint, Grima requested judgment in her favor in the "full amount" of the $100,000 policy limits. *See* Compl. (Prayer for Relief). Grima attached to her complaint a copy of her insurance policy, which was a Florida policy issued to her and that lists her address in Florida as of 2023. Mot. at 3; *see* Compl. ¶ 12.

After she filed her complaint, Grima served Standard Fire on October 1, 2025. (Doc. 14-1). On October 21, 2025, Standard Fire answered. Answer (Doc. 1-2). Also on October 21, 2025, Standard Fire served Grima with a request for admissions, (Doc. 1-6), and interrogatories, *see* (Doc. 1-4) at 40, both of which Grima responded to on November 20, 2025, NOR at 6; *see* Pl.'s Resps. (Doc. 1-7); Pl.'s Answers to Interrogs. (Doc. 1-9). On October 30, 2025, Grima served

2

her discovery disclosures, which listed her claimed damages and included a computation of her past medical bills totaling $53,851.20. (Doc. 1-8) at 4–5.

On November 25, 2025, Standard Fire removed the action to this Court on diversity jurisdiction grounds, which it claimed were apparent only after receiving Grima's discovery responses. *See* NOR at 2, 4–7. On December 22, 2025, Grima timely moved to remand and for an award of attorney's fees and costs incurred from the removal. *See* Mot. at 11. Standard Fire opposes. Resp.

## II. ANALYSIS

United States district courts have diversity jurisdiction if the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). The parties agree that they are "citizens of different States" and that the amount in controversy exceeds $75,000. *See* Mot.; NOR. Instead, Grima argues that Standard Fire untimely removed under 28 U.S.C. § 1446(b)(1), which allows for removal by a defendant within thirty days after service of the initial pleading. Mot. at 5–7. Standard Fire's notice of removal asserted that it was timely under 28 U.S.C. § 1446(b)(3), which allows for removal "within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is . . . removable" when "the case stated by the initial pleading is not removable." NOR at 7–8. Standard Fire relies on the same argument when opposing remand. Resp. at 5–6. Although it initially argued

3

otherwise, *see* NOR at 6–7, Standard Fire now agrees with Grima that the initial pleading evidenced a sufficient amount in controversy, *see generally* Resp. (omitting any argument that the complaint did not show an amount in controversy of more than $75,000). Thus, the dispute pertains only to Grima's citizenship for diversity jurisdiction purposes.

In its notice of removal, Standard Fire argued that Grima's discovery responses regarding her residency enabled a presumption that she was domiciled in, and thus a citizen of, Florida at the time that she filed suit. *See* NOR at 3–5. For support, Standard Fire cited many of the same cases that Grima now relies on in her motion, and that I discuss below.

Grima avers that Standard Fire "should have and could have intelligently ascertained diversity of citizenship of the parties at the time of service of the Complaint." Mot. at 9. In support, she relies on *Bankston v. Illinois National Insurance Co.*, , which determined that "a plaintiff's mere failure to allege the parties' citizenship in the initial complaint does not prevent commencement of the thirty days for removal." 443 F. Supp. 2d 1380, 1381–82 (M.D. Fla. 2006) (citing *Crews v. Nat'l Boat Owners Ass'n Marine Ins. Agency, Inc.*, No. 2:05-CV-1057-MEF, 2006 WL 902269, at *2–4 (M.D. Ala. Apr. 6, 2006); *Kuhn v. Brunswick Corp.*, 871 F. Supp. 1444, 1446 (N.D. Ga. 1994); *Richman v. Zimmer, Inc.*, 644 F. Supp. 540, 541–42 (S.D. Fla. 1986)). This is because "[t]he crucial inquiry is when the defendant should have 'intelligently

4

ascertained' that the case was removable." *Id.* at 1381 (quoting *Webster v. Dow United Techs. Composite Prods., Inc.*, 925 F. Supp. 727, 729 (M.D. Ala. 1996)).

Grima contends that the complaint's allegation of her residency in Florida "created a legal presumption that she is a citizen of Florida." Mot. at 10 (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction."); *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) (holding that the place of residence is prima facie evidence of one's domicile);[1] *Jones v. L. Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001) (noting that there is a presumption that the state in which a person resides is also that person's domicile (citing *D.C. v. Murphy*, 314 U.S. 441, 455 (1941))); *see also Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 (11th Cir. 2011) (presuming that a defendant was domiciled at the residence he had at the time that the plaintiff filed suit (citing *Slaughter v. Toye Bros. Yellow Cab Co.*, 359 F.2d 954, 956 (5th Cir. 1966) (describing a "presumption of domicile in the jurisdiction where the party is a resident at the crucial time, which in this case is the time of the commencement of the action")))). Because of this presumption, Grima argues, Standard Fire should have intelligently

---

[1] The Eleventh Circuit adopted as binding precedent all decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981. *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

ascertained that the case was removable from the beginning and timely removed it according to 28 U.S.C. § 1446(b)(1). *See* Mot. 9–10.

Confronted with Grima's argument, Standard Fire reverses course from some of its prior stances. First, Standard Fire cites unpersuasive case law regarding the amount in controversy requirement for the idea that a party's possession of pre-suit knowledge does not trigger the thirty-day removal period when the case stated in the complaint does not establish the amount in controversy. Resp. at 5–6. Next, Standard Fire attempts to undermine the relevance of a case that it relied on in its own notice of removal. *Compare* NOR at 5 (citing *Jones*, 141 F. Supp. 2d at 1355 for the presumption of domicile proposition), *with* Resp. at 8 (attacking Grima's use of *Jones* for the same proposition). Standard Fire then contends that the presumption that flows from allegations of one's residency is insufficient to establish citizenship for diversity jurisdiction purposes. *See, e.g.*, Resp. at 8 (citing *Harris v. Matsaberidze*, No. 3:25-CV-156-TJC-MCR, 2025 WL 746099, at *1 (M.D. Fla. Feb. 20, 2025) (directing removing defendants to supplement their notice of removal to further prove citizenship and amount in controversy). Standard Fire also argues that, rather than use *Bankston*'s "intelligently ascertained" standard, I should require the complaint to have "affirmatively and unambiguously" established Grima's citizenship. *See* Resp. at 2, 7 (citing

*Sullivan v. Nat'l Gen. Ins. Online, Inc.*, No. 3:17-CV-1387-J-32PDB, 2018 WL 3650115, at *9 (M.D. Fla. Apr. 17, 2018); *id.* at 10.

Standard Fire concludes with an argument that the complaint was not removable on its face and that it could only "unambiguously" ascertain the removability through discovery. *See* Resp. 12–14. Once it received Grima's responses, the removability became clear, and Standard Fire contends that it timely removed. *Id.* at 14.

Here, though, Grima's discovery responses offered no new relevant evidence that the complaint did not. For example, Standard Fire asked Grima to admit that she was a citizen of Florida. Pl.'s Resps. ¶ 1. Grima skirted that request, instead responding "that [Grima] resided in the State of Florida on the date of filing the Complaint." *Id.* In its interrogatories, Standard Fire requested Grima's addresses from the past ten years. Pl.'s Answers to Interrogs. ¶ 3. Grima's response revealed that she has lived in Florida since July 2020. *Id.* Based on these answers, Standard Fire removed, relying on case law stating that there is a presumption of domicile where a party resides. *See* NOR at 4–6. But the complaint already alleged that Grima resided in Sarasota County, Florida, "[a]t all times material hereto," Compl. ¶ 2, and, perhaps more telling, Grima's attached insurance policy spanning June 2023 to June 2024 indicated that Grima resided in Florida, *id.* ¶ 12; *see* Mot. at 9.

7

Given the above, the complaint and its attachments informed Standard Fire that Grima had resided in Florida since at least mid-2023. Grima's discovery responses revealed only that she had begun residing in Florida three years earlier, but those additional years are not material for purposes of the citizenship inquiry. If, as Standard Fire argued in its notice of removal, NOR at 4–6, and argues (at times) in its response, Resp. at 12–14, that the information that Standard Fire had after the discovery responses was sufficient to remove, then the information contained in the complaint was also sufficient. Thus, "the case stated by the initial pleading" was removable, *see* 28 U.S.C. § 1446(b)(3), and Standard Fire should have removed "within 30 days" of receiving the complaint, *see id.* § 1446(b)(1).

On the other hand, if Standard Fire is correct that the presumption flowing from a party's residency is not sufficient for removal, as it argues elsewhere in its response, *see* Resp. 8–9, then neither the complaint nor the discovery responses made the action removable. Both cannot be true.

Consistent with its initial argument when removing the action, I conclude that the presumption of domicile derived from Grima's residency in Florida, as alleged in her complaint and shown in the insurance policy, was enough that Standard Fire could—and should—have intelligently ascertained that it could remove the action. Because Standard Fire did not remove within thirty days of receipt of the complaint and Grima timely moved to remand

under 28 U.S.C. § 1447(c), I grant Grima's motion as to remand. *See City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("[F]ederal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." (internal quotation omitted)); *In re Loudermilch*, 158 F.3d 1143, 1145 (11th Cir. 1998) (per curiam) ("Federal law directs a district court to remand a case to state court when it determines the case was improvidently removed."); *Torres v. AIG Claim Servs., Inc.*, 957 F. Supp. 1271, 1273 (S.D. Fla. 1997) ("The thirty day period is not jurisdictional, but is rather a strictly applied rule of procedure that may not be extended by the court.").

Grima makes a cursory request for an award of her "reasonable attorney's fees and costs incurred as a result of untimely removal," Mot. at 12, but does not elaborate on why she should receive such an award. Although courts have discretion to award fees and costs under 28 U.S.C. § 1447(c), "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005). I deny attorney's fees for two reasons. First, given the divergent approaches among district courts, what constitutes "ascertain[ment]" of removability remains unclear and Standard Fire had an objectively reasonable basis for seeking removal. Second, Grima's

gamesmanship in responding to requests for admission concerning her own citizenship cuts against an award of attorney's fees.

Accordingly, the following is **ORDERED:**

1. Grima's Motion to Remand (Doc. 14) is **GRANTED** as to remand and **DENIED** as to her request for attorney's fees and costs.

2. The Clerk is directed to **REMAND** this action to the Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County, Florida, and to **TRANSMIT** a certified copy of this order to the clerk of that court.

3. The Clerk is further directed to **TERMINATE** any pending deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on January 16, 2026.

Kathryn Kimball Mizelle
United States District Judge